33583. DAVIS *v.* THE STATE.
33584. LEWIS *v.* THE STATE.

Decided June 5, 1951.

84

*William J. Neville, W. G. Neville,* for plaintiffs in error.
*Walton Usher, Solicitor-General,* contra.

GARDNER, J. ■ The indictment alleged the description of the hog to be "one red and black spotted Barrow hog." The

verdict is attacked on the ground that there was a variance between the description of the hog in the indictment and the evidence. Mr. Hart, the owner of the hog, testified that the hog in question was a red and black spotted Barrow hog. There were other witnesses who, on cross-examination, testified as to the hog having red spots and black spots. Counsel for the defendants contend that to say that a hog is red and black spotted using the exact words of the indictments, is insufficient because the evidence should have gone further and shown that the number of red and black spots were approximately the same. In support of this contention counsel cite *Paulk* v. *State,* 5 *Ga. App.* 567-573 (3) (63 S. E. 659). This case is no authority for the contentions of counsel for the defendants. To the contrary, it supports the contentions of the State. There is no merit whatsoever in this contention. We are not unmindful that the defendants denied the theft and sought to set up that the whole prosecution was a scheme to entrap them for ulterior motives. In answer to this, it is only sufficient to say that the jury did not see fit to accept the contentions of the defendants. The trial judge was satisfied with the verdict and approved it. This court is without authority to set such verdicts aside.

The only other contention of the defendants is that after the court had charged in effect that the return of the true bill of indictment by the grand jury was not evidence of the guilt of the defendants, that they entered upon their trial with the presumption of innocence in their favor and that this presumption of innocence remained with them throughout the trial until met and overcome by evidence of the State sufficient to satisfy the minds and consciences of the jury of the guilt of the defendants of the crime charged in the bill of indictments beyond a reasonable doubt, the court should have gone further and charged the principle of law set forth in the Code, § 38-110 as to the sufficiency of the evidence to satisfy the minds and consciences of the jurors beyond a reasonable doubt. It is not contended that the court did not charge a correct principle of law, but the contention is based upon the presumption that the court should have charged an additional principle of law without a request.

When we view the whole charge of the court in the light of

the evidence in the case, the court did not err in overruling the amended motion for a new trial for any of the reasons assigned. The judgment in each case is

*Affirmed. MacIntyre, P.J., and Townsend, J., concur.*